UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
SHARITA T. PATTERSON

                Plaintiff,

         -against-

THE CITY OF NEW YORK; NEW YORK
POLICE DEPARTMENT; INVESTIGATOR
ASTARITA, Detective assigned to the special
patrolman license division; BROOKLYN
PUBLIC LIBRARY; and DISTRICT COUNCIL
37 UNION,

                Defendants.

---------------------------------------------------------------------x

**MEMORANDUM AND ORDER**

25-CV-1202 (NRM)(CHK)

MORRISON, United States District Judge:

      *Pro se* Plaintiff Sharita T. Patterson, proceeding *pro se*, brought this civil action related to the loss of her job.  *See* Compl., ECF No. 1.  By Order dated June 9, 2025, the Court granted Plaintiff's application to proceed *in forma pauperis*, dismissed the Complaint, and directed Plaintiff to file an amended complaint within 30 days. Memorandum and Order, ECF No. 5.  Plaintiff filed an Amended Complaint on July 9, 2025, ECF No. 6, but it fails to cure the deficiencies identified in the Court's June 9, 2025 Order.  For the following reasons, the action is dismissed for failure to state a claim.

## BACKGROUND

      Plaintiff's Amended Complaint seeks "relief for constitutional violations and employment-related harms arising out of her suspension and termination from the Brooklyn Public Library following a July 25, 2023[] arrest."  Amend. Compl., ECF

No. 6 at 1. Plaintiff states that she was arrested on July 25, 2023 while off duty, that she was issued a formal notice of suspension pending investigation on August 1, 2023, and that she "was placed on administrative leave due to the suspension of her Special Patrolman designation" on August 2, 2023. *Id.* at 2. She states that she was informed that she could not fulfill her role without Special Patrolman status and was terminated in November 2024. *Id.* at 2–3. She asserts: "At the time of her termination, Plaintiff held an active NYS Security Guard license and could have lawfully continued work in a security role without Special Patrolman designation." *Id.* at 3. She states: "No reassignment, accommodation, or internal review was offered. Plaintiff was never given a pre-termination hearing or any meaningful opportunity to respond to allegations—violating due process under both federal and state law." *Id.* She claims: "No union representative or HR officer contacted Plaintiff to assist or defend her interests during the suspension or termination process." *Id.*

For the first time in her Amended Complaint, Plaintiff mentions workplace incidents involving violent patrons, her request for "defensive tools for all officers," a colleague who screamed profanities, and a policy change prohibiting staff from accessing CCTV footage without executive approval, all occurring in 2022. *Id.* She claims that these incidents and policies "show a pattern of neglect, indifference, and retaliation, contributing to a hostile work environment and ultimately to Plaintiff's unjust termination." *Id.* at 4. Plaintiff does not allege that any incidents or policies

2

were related to discrimination on the basis of her race or sex or other suspect classification.

The Amended Complaint asserts five counts. First, Plaintiff renews her procedural due process claim under 42 U.S.C. § 1983, alleging that she "had a protected property interest in her public employment" and that "Defendants suspended and terminated Plaintiff without a hearing or opportunity to respond." *Id.* at 4.   Her Counts II and III allege "Wrongful Termination" and "Hostile Work Environment and Negligent Supervision" under New York State Law on the grounds that "Defendants failed to address repeated safety risks, coworker misconduct, and emotionally traumatic events reported by Plaintiff."   *Id.*   Her Count IV alleges "Failure of Duty of Fair Representation (Against District Council 37)" because the Union "failed to act on Plaintiff's behalf during her disciplinary process."   *Id.*   And her final claim asserts "Emotional Distress" under state law because she "suffered reputation damage, emotional trauma, and distress" as a result of the lost employment.   *Id.*   In addition to naming the Brooklyn Public Library and the District Council 37 Union as Defendants, Plaintiff also names the City of New York, the New York City Police Department and Investigator Astarita.   *Id.* at 1.   Plaintiff asserts that the City of New York "is a municipal entity responsible for the policies and practices of NYPD."   *Id.* at 2.   She does not describe any unlawful policies and practices or other involvement of the City of New York.   She asserts that the NYPD is the "appointing body for Special Patrolman licenses" and that Astarita is "an officer

involved in Plaintiff's employment-related investigation." *Id.* at 2.   She does not

describe any actions taken by these Defendants or allege that they violated her

constitutional rights.   Plaintiff seeks $59,500,000 in damages, along with

reinstatement.   *Id.* at 5.

## DISCUSSION

### A. No Claims against the City of New York, the NYPD and Astarita

Plaintiff does not describe any actions taken by the City of New York.   She

names the NYPD only in its capacity as the "appointing body for Special Patrolman

licenses" and names Investigator Astarita as "an officer involved in Plaintiff's

employment-related investigation."   However, the Amended Complaint does not

assert any claims related to the loss of Plaintiff's status as a Special Patrolman.[1]

---

[1] The original Complaint asserted claims related to Plaintiff's loss of Special
Patrolman status. The Court's June 9, 2025 Order described the procedures in 38
N.Y.C. Rules § 13-02(a), which provides that Special Patrolmen must notify the
License Division of the Police Department of any arrest and that, upon receipt of such
notice, the License Division "shall immediately notify the Special Patrolman and the
employer that the appointment is cancelled, suspended or revoked."   38 N.Y.C. Rules
§ 13-02(a) and (b).   Thereafter, the Special Patrolman may submit a written request
for a hearing within 30 days from the Notice of Determination Letter or within 30
days from the termination of the criminal action.   38 N.Y.C. Rules § 13-03(a) and (b).
This provides the Special Patrolman licensee "complete procedural due process rights
before a revocation becomes final."   *Greenwood v. City of New York*, No. 08 Civ. 4474
(GBD), 2010 WL 481071, at *3 (S.D.N.Y. Feb. 3, 2010) (finding that the plaintiff's
"claim that NYPD violated her due process rights by not affording her a hearing prior
to the suspension of her [license] is without merit" and dismissing her claim that her
employer was required to hold a pre-termination hearing since the employing agency
did not have the authority to issue or restore the Special Patrolman license).
Plaintiff has not renewed her allegations related to the termination of her Special
Patrolman status.

Plaintiff has not alleged that the NYPD or Astarita took any actions that violated her constitutional rights nor provided any other basis for her lawsuit against them. Accordingly, the claims against the NYPD and Astarita are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## B. Claims under Section 1983

In order to maintain a civil rights action under 42 U.S.C. § 1983, a plaintiff must allege that the conduct complained of was committed by a person acting under color of state law and deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Section 1983 does not usually apply to claims against private individuals or private organizations. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (internal quotation marks omitted)). The Due Process Clause of the Fourteenth Amendment prohibits government officials from "depriving any person of property without due process of law." *Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (internal quotation marks omitted). "Causes of action based on due process violations require 'the existence of a federally protectable property right and the denial of such a right in the absence of either procedural or substantive due process.'" *Dibbs v. Roldan*, 356 F. Supp. 2d 340, 353 (S.D.N.Y. 2005) (quoting *Natale v. Town of Ridgefield*, 170 F.3d 258, 262 (2d Cir. 1999)).

Plaintiff claims that she "had a protected property interest in her public employment." Amend. Compl. at 4. However, the Brooklyn Public Library is not a public employer and its employees are not public employees. *See Rodriguez v. Brooklyn Pub. Libr.*, 34 Misc. 3d 310, 313–16, 934 N.Y.S.2d 291, 294–96 (Sup. Ct. 2011) (describing the history of the Brooklyn Public Library and collecting caselaw describing its legal status as "a distinct and separate corporation" and finding that the Library is not a government or public employer within the meaning of the Public Employees' Fair Employment Act (citations omitted)); *Neptune v. Brooklyn Pub. Library*, No. 12-CV-5948 (WFK), 2012 WL 6094140, at *2 (E.D.N.Y. Dec. 7, 2012) ("[T]he Brooklyn Public Library does not act under color of state law."). Accordingly, the Section 1983 Due Process claims against the Brooklyn Public Library are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## C. Claims against the Union

Plaintiff asserts that the District Council 37 Union "failed to act on Plaintiff's behalf during her disciplinary process" and thus failed in its Duty of Fair Representation. Amend. Compl. at 4. She does not describe what actions she took to enlist assistance from the Union, how the Union allegedly failed in its duty to represent her, or what federal provision she believes to have been violated. In light of Plaintiff's *pro se* status, the court has considered whether her claims could arise under Section 301 of the Labor Management Relations Act and the National Labor Relations Act, 29 U.S.C. § 151 *et seq.*, which together provide a federal cause of action

against an employer and/or labor union where a plaintiff can show that the employer has breached a collective bargaining agreement and that the union breached its duty of fair representation to the plaintiff. *DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 164–65 (1983) (describing the hybrid § 301/fair representation claim, which allows "a direct challenge to the private settlement of disputes under the collective-bargaining agreement" when "the union representing the employee in the grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation" (internal quotation marks omitted and alterations adopted)). To bring a claim against the union, a plaintiff must demonstrate that the union's actions or inactions were arbitrary, discriminatory, or made in bad faith. *See Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010). "[I]t is well settled that a union's duty of fair representation does not require it to pursue employees' complaints regardless of their merit." *Jiggetts v. Local 32BJ, SEIU*, No. 10 Civ. 9082 (DAB)(JCF), 2011 WL 4056312, at *6 (S.D.N.Y. Aug. 10, 2011), *report & recommendation adopted by* 2011 WL 4072033 (S.D.N.Y. Sept. 13, 2011).

A hybrid § 301/fair representation claim must be filed within six months of the alleged failure to represent. *See Carrion v. Enterprise Ass'n, Metal Trades Branch Local Union 638*, 227 F.3d 29, 33 (2d Cir. 2000). The statute of limitations for such actions against the union accrues when the plaintiff knew or reasonably should have known that the union has breached its duty. *Ramey v. District 141, Int'l Ass'n of*

*Machinists and Aerospace Workers*, 378 F.3d 269, 278 (2d Cir. 2004).

In this case, Plaintiff has not indicated whether her employment was subject to a collective bargaining agreement and if she sought union representation. She has not described any actions by the union that were arbitrary, discriminatory, or made in bad faith. Accordingly, she has failed to state a claim under Section 301 of the Labor Management Relations Act and the National Labor Relations Act, and thus her claim against District Council 37 is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

As no federal causes of action remain, the Court will decline to exercise supplemental jurisdiction over any potential state law claims, including her claims for "Wrongful Termination," "Hostile Work Environment and Negligent Supervision," and "Emotional Distress." *See Astra Media Grp., LLC v. Clear Channel Taxi Media, LLC*, 414 F. App'x 334, 337 (2d Cir. 2011) (summary order) ("[W]here all the federal claims have been dismissed at a relatively early stage, the district court should decline to exercise supplemental jurisdiction over pendent state-law claims.").

## CONCLUSION

For the reasons set forth above, all of Plaintiff's federal claims in the Amended Complaint are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Her potential state law claims are dismissed without prejudice to bringing those claims in state court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is

denied for purpose of an appeal.   *See Coppedge v. United States*, 369 U.S. 438, 444–
45 (1962).

The Clerk of Court is respectfully directed to enter judgment and to mail a copy
of this Order and the Judgment to Plaintiff and note the mailing on the docket.

SO ORDERED.


*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: Brooklyn, New York
       October 19, 2025